In the Matter of the Estate of J. ADAM LAUTZ, Deceased.

Surrogate's Court, Erie County, February 3, 1927.

**Executors and administrators — opening decree of judicial settlement under Surrogate's Court Act, § 20, subd. 6 — secret agreement between executors concerning certain assets of decedent's estate was not produced on final accounting — decree opened.**

The decree of a Surrogate's Court, passing the accounts, fixing the commissions, expenses and costs of executors, entered upon the death of one of them, which was acquiesced in by all the parties interested in decedent's estate, should be opened under subdivision 6 of section 20 of the Surrogate's Court Act, where the circumstances upon which the application rests reverts directly to the conduct of

the active executors, whereby a secret written agreement concerning certain assets of decedent's estate was entered into between them and remained in the possession of one of them, and if produced, might have changed the attitude of the parties consenting to the entry of the final decree which the petitioners now seek to open.

APPLICATION for opening of decree of judicial settlement.

*Swift & Potter,* for the petitioners.

*Locke, Babcock, Hollister & Brown,* for the respondent.

*Coatsworth & Diebold,* for Otto J. Lautz, executor.

HART, S.   The estate of J. Adam Lautz has been the subject of controversy in this court for many years.   The testator died in the year 1894; he appointed four executors of his will, his widow, brother and two sons.   The widow has not been an active executor; the brother, Fred C. M. Lautz, served as executor for nine years and resigned.   The management of the estate largely devolved upon Carl Lautz, the elder son.   Three daughters, beneficiaries under the will, filed a petition in the year 1922, which recited irregular administration of the estate, including the manipulation of real estate known as the Gohn farm whereby twenty acres of land belonging to the estate had disappeared as an asset during a land boom in the late nineties.   A citation was issued and the parties appeared before me with an array of counsel and witnesses, which brought out considerable information and explanation, resulting in the entry of a decree which at the time seemed satisfactory to all parties.

In the year 1925 another petition was filed by two of the daughters with new attorneys asking for a rehearing on additional facts and the removal of the executors, followed by a petition of executors praying for a judicial settlement.

The death of Carl A. Lautz in September, 1925, seemed to bring about a peace pact and a decree was entered on the 24th day of November, 1925, passing the accounts, fixing commissions, expenses and costs, all of which was acquiesced in by the various parties and their counsel, continuing the mother and the son, Otto J. Lautz, as surviving executors.

Three daughters of the testator again petition this court requesting the surviving executors to account and to show cause why the decree settling the accounts of the executors should not be vacated and set aside, based upon the discovery of an agreement of the deceased executor, Carl A. Lautz, given to his coexecutor, Otto J. Lautz, which purports to make a settlement with all persons entitled to share in the estate of the testator relative to the missing twenty acres of land.

This agreement is dated July 18, 1902, and relates in some manner to the mysterious disappearance of the twenty acres of land which has been the subject of searching inquiry and investigation in two proceedings had in this court. The attitude of this surviving executor, Otto J. Lautz, who has been present in court during the examination of various witnesses, withholding and concealing from his counsel and the court the existence of this agreement is incomprehensible to me. The parties in interest in this estate were entitled to all information procurable concerning the administration of this estate; some of them were dissatisfied with the explanation made, but the death of the executor Carl Lautz brought about the final decree of settlement by stipulation. We are now confronted with a new document which has been in the possession of the executor Otto J. Lautz during the entire litigation and long previous thereto which has been held out for reasons unknown and has reopened the conflagration.

It is unfortunate that litigation is to be prolonged in this estate, but there has been a persistent inquiry concerning the loss of assets of the estate, which were explained sufficiently to permit the executors to obtain a substantial fee for the honest and faithful administration of their duties by consent and stipulation of all interested parties. I realize that the opening of a decree duly entered is not to be treated lightly or the discretionary power exercised except for substantial cause.

The peculiar and unusual circumstances upon which the application for the opening of the decree rests revert directly to the conduct of the active executors, whereby a secret agreement was entered into between them, and the written instrument in the possession of one of them, if produced, might have changed the attitude of the parties consenting to the entry of the final decree. Whether a rehearing will materially affect the eventual result is problematical. The fact remains that the parties to this proceeding were not informed of all of the facts relating to the administration of the estate to which they were entitled; therefore, they should be placed in the same position they were before the decree was signed.

An order may be entered opening the decree of November 24, 1925, as provided by subdivision 6 of section 20 of the Surrogate's Court Act.